**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Lee, et al., | No. CV-25-00514-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Twin Hawks Airpark LLC, et al., | |
| Defendants. | |

Plaintiffs Sharon Lee and Tommy Wessel filed their complaint in February 2025. (Doc. 1.) Plaintiffs named as defendants Twin Hawks Airpark LLC ("Twin Hawks") and Harold Duane Lambeth. In April 2025, plaintiffs obtained an extension to July 18, 2025, to complete service of process. (Doc. 12.) On July 18, 2025, plaintiffs filed a second motion for an extension of time to complete service and a motion requesting permission to complete service by mailing copies to defendants' home and work addresses. (Doc. 13, 14 at 3.)

Federal Rule of Civil Procedure 4(e)(1) permits service by following state law "where the district court is located or where service is made[.]" In Arizona, if a party shows that service by ordinary means is "impracticable," the court may allow service by another manner. Ariz. R. Civ. P. 4.1(k)(1). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (simplified).

Plaintiffs believe Twin Hawks must be served via its statutory agent. That agent

1  lives in rural Pinal County "down a long driveway with a motorized, metal gate at the
2  entrance that can be opened only with a numerical code." (Doc. 13 at 2.) Plaintiffs' process
3  server made two unsuccessful attempts to serve Twin Hawks at that location. Defendant
4  Lambeth also has a residence in rural Pinal County "but he frequently travels out-of-state
5  using his private plane." (Doc. 13 at 2.) Plaintiffs' process server made multiple attempts
6  to serve Lambeth at his residence in Pinal County but "found the home vacant each time."
7  (Doc. 13 at 2.)

8  On April 30, 2025, plaintiffs' counsel contacted attorney Craig Cline regarding
9  service on defendants. Mr. Cline had previously represented Twin Hawks in a county
10 justice court matter also involving plaintiffs and is currently representing Twin Hawks in
11 ongoing Pinal County Superior Court litigation involving plaintiffs. (It is not clear whether
12 Mr. Cline has ever represented Lambeth.) Plaintiffs asked Mr. Cline if he would accept
13 service on behalf of both defendants in this suit. On May 12, 2025, Mr. Cline stated "he
14 intended to discuss this matter with Defendants." (Doc. 13 at 3.) Mr. Cline did not provide
15 an additional response and on July 11, 2025, plaintiffs' counsel emailed Mr. Cline for an
16 update. As of July 18, 2025, Mr. Cline had not responded to the July 11th email.

17 Plaintiffs and Twin Hawks have been engaged in litigation in other locations for
18 years and Mr. Cline represented Twin Hawks in that other litigation. Based on Mr. Cline's
19 May 12 response, he also appears to have some relationship with Lambeth such that he
20 could discuss this matter with Lambeth. It is implausible that Mr. Cline has not informed
21 defendants of this suit and that plaintiffs are attempting to complete service of process.
22 Although plaintiffs have made relatively minimal efforts to complete service of process
23 under traditional methods, the unique circumstances of this case support allowing
24 alternative service but requiring mailing to defendants' addresses and to Mr. Cline. The
25 parties' involvement in previous and ongoing litigation establishes notice to Mr. Cline will
26 be particularly effective to alerting defendants to the existence of this suit.

27 Finally, an extension of the deadline to complete service is appropriate. Plaintiffs
28 have attempted to complete service multiple times but have not yet succeeded. Defendants

- 2 -

1  likely have actual notice of this suit and plaintiffs' claim under the Fair Housing Act would
2  be barred by the statute of limitations if this case were dismissed. In these circumstances
3  there is either good cause or excusable neglect sufficient to merit an extension. *See Lemoge*
4  *v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Accordingly,

**IT IS ORDERED** the Motion for Extension (Doc. 13) is **GRANTED**. Plaintiffs have until **September 3, 2025**, to serve defendants and file proofs of service.

**IT IS FURTHER ORDERED** the Motion for Alternative Service (Doc. 14) is **GRANTED**. Within **ten days** of this order plaintiff shall send via First Class Mail all appropriate documents to defendants' home and work addresses. Plaintiffs shall also send all appropriate documents via certified mail to attorney Craig Cline. Within fifteen days of this order plaintiffs shall file proof of service.

Dated this 4th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge